[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff presses its application for a permanent injunction. The parties have stipulated that the hearing, although scheduled for a temporary injunction should go on for a permanent injunction.
The plaintiff seeks to enjoin the defendant Commission from having a Notice of Expiration recorded on the Land Records of the town of Bloomfield, or if recorded to have it terminated or withdrawn.
The plaintiff alleges that it is irreparably injured by having such a Notice on the Land Records in that, among other injuries, it would be permitted to convey any additional lots in the subdivision until a new application for the subdivision was approved by the defendant Commission. The effect would be that instead of having lots to sell it would have raw land. Any sale would thus be of raw land rather than as building lots.
Further, the plaintiff contends that it would not have any assurance that the same subdivision approval could be received upon the presentment of a new subdivision application.
The court after hearing the parties, examining the exhibits and the briefs, denies the application for a permanent injunction.
The court finds that the injury to which the plaintiff may be exposed is not irreparable. That although it may be that the subdivision's usefulness as a housing development may be reduced with a consequent reduction in its monetary value, CT Page 6850-A the injury thus suffered by the plaintiff would be monetary. This is a measurable loss that is ascertainable at the trial of the complaint. Thus, a permanent injunction affecting the operation of a public agency, as is the Commission, is not warranted.
The plaintiff's application for a permanent injunction is denied.
JULIUS J. KREMSKI STATE TRIAL REFEREE